UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ASHLEE ROGERS, | § § | |
| Plaintiff, | § § § | CASE NO.: 6:14-cv-53 |
| vs. | § § § | |
| NAVIENT SOLUTIONS, INC., DBA SALLIE MAE | § § § § | JURY DEMAND |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

1.  Plaintiff Ashlee Rogers alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

2.  Ms. Rogers attended University of Mississippi from 2002 – 2007. During that time, her parents took out multiple debts in her name, forging her name on the applications. These loans included student loans now serviced by Defendant Navient Solutions, Inc. DBA Sallie Mae (hereinafter "Sallie Mae" or "Defendant".).

3.  Because her name was forged on the applications, Ms. Rogers never made the choice to acquire this debt, nor did she provide her cell number. All correspondence from the lenders went to her parents initially, so Ms. Rogers had no idea these loans were in her name. Her parents enrolled in the online payment website, using Ms. Rogers' name but their own contact information. Ms. Rogers' parents made a few payments, but the loans went into default – still without Ms. Rogers even being aware of the loans existence.

4.  Because her parents had enrolled into the online website with their contact information, and because she did not know the loans existed, Ms. Rogers did not provide Sallie

1

Mae (now Navient) with permission to call her cell phone.  She did not provide her cell phone nor did she provide permission to use it.

5. At some point, Defendant Navient (Sallie Mae), acquired Ms. Rogers' cell phone number and began a campaign of autodialing her to collect payments.

6. Ms. Rogers did answer some of the calls and asked them not to call on her cell phone, as it was a work phone.

7. When she found out that her name had been forged on loan applications, Ms. Rogers filed a police report and opened a fraud investigation at Sallie Mae (Defendant). However, even while the fraud investigation was pending, Sallie Mae continually autodialed her cell phone.

8. Ms. Rogers works with a landscaping business and her cell phone is for her work. The constant interruption of autodialed calls was a problem for her as she worked.

9. Repeatedly, Ms. Rogers would answer the phone and wait to talk to a human, then explain that she was an identity theft victim and a fraud investigation was currently ongoing. She also would repeatedly tell Sallie Mae that this was her cell and to stop calling the cell.

10. On one occasion, the collector informed Ms. Rogers that Sallie Mae could not stop autodialing, there was no way for the calls to stop.

11. Ms. Rogers continued occasionally answering the phone and asking again for the calls to stop.  The autodialed calls persisted.

## JURISDICTION AND VENUE

12. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

13. The current principal residence for Plaintiff is Victoria in Victoria, Texas Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Plaintiff resides.

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person who is over the age of eighteen (18) who resides in Victoria County, Texas.

15. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

16. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

17. At all times material hereto, Defendant (hereinafter "Sallie Mae") was and is a foreign corporation, authorized to conduct business and conducting business in Texas, with its principal office at 2001 Edmund Valley Drive, Reston, VA 20190.  Defendant may be served by serving is registered agent, Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

18. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(4).

19. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5).

20. Defendant followed their corporate policy when attempting to collect and communicate with the Plaintiff.

21. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (xxx) xxx-5090, and was the called party and recipient of Defendant's below described calls.

22. Plaintiff never gave Sallie Mae, Navient, or any collector they hired her cell phone number nor did she give them permission to call that number.

23. Plaintiff has received numerous phone calls to the above-mentioned cell phone. Plaintiff immediately told Defendant not to call her on that number and that she had been the victim of identity theft and the debt made the basis of these calls were caused by the identity theft.

24. From approximately January 2014 through June 2014, Defendant called Plaintiff's aforementioned cellular telephone numerous times, often multiple times a day, despite Ms. Rogers repeatedly telling the collectors that they did not have permission to call her cell.

25. Despite being told not to call her on the work cell phone, the Defendant continued the campaign of abuse.

26. On April 16, 2014, at 11:50 a.m. Ms. Rogers answered an auto-dialed call from Defendant and told the representative that she had consulted an attorney about the fraud surrounding these loans and to stop calling. The Representative said she would "make a note" and hung up the line.

27. Ms. Rogers attempted to get a complete list of the autodialed calls from Defendant, but they were not all present on her AT&T records online. She spoke with a representative from AT&T who informed her that depending on the equipment used to make the calls, there will be no record at all.

28. To date, Defendant has placed numerous calls to Plaintiff's aforementioned cellular telephone number, often calling numerous times a day. In March and April, Defendant was using autodialer equipment to call Ms. Rogers 3-4 times a day, despite having no permission to do so.

29. Ms. Rogers made a log of calls on the following dates in 2014: June 7, June 3, June 2, May 23, May 21, May 20, April 28, April 23, April 12, April 21, April 19, April 17,

April 1, March 7, March 26, March 21 (two calls), January 6.  Because the calls come while she is out in the field, she cannot keep a complete log.

30. The telephone calls were placed using automated telephone dialing equipment, without human intervention

31. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

32. Each call Defendant made to the Plaintiff's work cell phone was done so without the "express permission" of the Plaintiff.

33. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

34. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

35. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

36. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's work cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

37. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
**(Violation of the TCPA)**

39. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (26), as if fully set forth herein.

40. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's work cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

    Respectfully submitted,

    */s/ Amy E. Clark Kleinpeter*

    Amy Kleinpeter, Esquire
    **Hill Country Consumer Law**
    11940 Jollyville Road, Suite 220-S
    Austin, Texas 78759
    Tele:  512-850-5290
    amyck1@gmail.com
    Texas Bar #24043761
    Attorney for Plaintiff
    Pending Pro Hac Vice

/s/ Dana Karni
Dana Karni, Esquire
**Karni Law Firm, P.C.**
4635 Southwest Freeway Suite 645
Houston, Texas 77027
Tele: 713-552-0008
Fax:  713-454-7247
dkarni@texasconsumerdebt.com
SDTX #592484
Texas Bar # 24044379
Attorney for Plaintiff